# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE URBAN OUTFITTERS FAIR LABOR STANDARDS
ACT (FLSA) AND WAGE AND HOUR LITIGATION  MDL No. 2483

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants Urban Outfitters, Inc., and Urban Outfitters Wholesale, Inc. (collectively, "Urban"), move to centralize this litigation in the Northern District of California. This litigation currently consists of five actions pending in the Northern District of California, the Middle District of Florida, and the Eastern District of New York, as listed on Schedule A.[1]

Plaintiffs in all five actions are former employees at one or more of Urban's clothing retail stores—operating under the retail brands "Urban Outfitters" and "Anthropologie"—who claim, *inter alia*, that they were unlawfully denied compensation for overtime. All of the plaintiffs oppose centralization. They argue that the actions are brought on behalf of employees at different retail chains, involve putative classes of different groups of employees, and allege different kinds of wage and hour claims pursuant to different laws.

This motion presents us with a close call, but, on the basis of the papers filed and hearing session held, we ultimately conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. We have previously observed that the case for centralization is less convincing where "(1) the duties of the subject employees appeared to be subject to significant local variances, (2) the defendants and/or some of the plaintiffs opposed centralization, or (3) only a few or procedurally dissimilar cases were involved." *In re CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010). Here, there appears to be substantial variation between the duties of the subject employees. Some were exempt, salaried managers. Others were non-exempt, hourly employees. Three of the actions are brought on behalf of putative classes of salaried department managers or assistant department managers. One action pertains to hourly department managers at Anthropologie stores, while the fifth is brought on behalf of a putative class of hourly employees at Urban Outfitters stores. While there is some overlap among these putative classes (as well as with the putative class asserted in the recently-noticed related action in the

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The parties have notified the Panel of an additional related action pending in the Southern District of California.

-2-

Southern District of California), it does not outweigh the other factors that favor denial of this motion.

For instance, while all the plaintiffs allege that they were denied overtime, their allegations otherwise differ markedly from action to action. Three actions assert claims solely under California law (including claims for unpaid meal and rest periods not found in the other actions), while the other two actions assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and New York Labor Law. Some of the plaintiffs allege that they (and the putative classes they seek to represent) were misclassified as exempt employees, while others allege that were hourly employees denied minimum wages. Revealingly, the plaintiff in the action pending in the Middle District of Florida alleges that assistant department managers at Anthropologie stores were reclassified as non-exempt in February 2012, indicating a difference in treatment of certain job positions. The differences among these cases predominate, and centralization thus is inappropriate. *See In re Wireless Lifestyle, Inc., Fair Labor Stds. Act (FLSA) & Wage & Hour Litig.*, 842 F. Supp. 2d 1382, 1383 (J.P.M.L. 2012).

Furthermore, there are only six related actions in this litigation—four of which are pending in two districts in California. Accordingly, available alternatives to centralization, in particular informal cooperation among the involved attorneys and coordination between the involved courts, appear likely to minimize whatever possibilities may arise of duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Boehringer Ingelheim Pharms., Inc., Fair Labor Stds. Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro    Charles R. Breyer
Lewis A. Kaplan    Sarah S. Vance
Ellen Segal Huvelle

IN RE URBAN OUTFITTERS FAIR LABOR STANDARDS
ACT (FLSA) AND WAGE AND HOUR LITIGATION            MDL No. 2483

## SCHEDULE A

<u>Northern District of California</u>

Alexander Moore v. Urban Outfitters Wholesale, Inc., C.A. No. 3:13-02245
David Berry v. Urban Outfitters Wholesale, Inc., et al., C.A. No. 3:13-02628
Shakora Abdulhaqq, et al. v. Urban Outfitters, C.A. No. 3:13-03184

<u>Middle District of Florida</u>

Crystal Ramirez v. Urban Outfitters, Inc., C.A. No. 6:13-01074

<u>Eastern District of New York</u>

Jeffrey McEarchen, et al. v. Urban Outfitters, Inc., C.A. No. 1:13-03569