**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ALEXANDER MOORE, et al.,                    No. C 13-02245 JSW

10              Plaintiffs,                      **ORDER GRANTING MOTION TO**
                                                 **REMAND**
11       v.

12  URBAN OUTFITTERS WHOLESALE, INC.,
    D/B/A ANTHROPOLOGIE, a Pennsylvania
13  corporation, et al.,

14              Defendants.
    _____/
15

16          This matter comes before the Court upon consideration of the motion to remand filed by

17  Plaintiff Alexander Moore ("Plaintiff").  The Court has considered the parties' papers, relevant

18  legal authority, and the record in this case, and it HEREBY GRANTS Plaintiff's motion to

19  remand.

20                                 **BACKGROUND**

21          On April 10, 2013, Plaintiff, individually and on behalf of other members of the public

22  similarly situated, filed a complaint against Defendant Urban Outfitters Wholesale, Inc. d/b/a

23  Anthropologie ("Urban Outfitters") in the Superior Court of California, for the County of San

24  Francisco.  Plaintiff and the members of the putative class he seeks to represent are current

25  and/or fomer hourly managers who work at Anthropologie stores.  The complaint alleges seven

26  causes of action for violations of California Labor Codes for unpaid overtime, unpaid minimum

27  wages, unpaid meal rest premiums, unpaid rest period premiums, wages not timely paid upon

28  termination, non-complaint wage statements, and for violation of California Business and

**United States District Court**
For the Northern District of California

1    Professions Code Section 17200, *et seq.*

2         On May 16, 2013, Urban Outfitters filed a notice of removal pursuant to 28 U.S.C.

3    Sections 1332.  (Notice of Removal ¶¶ 8-10.)  Urban Outfitters contends that the Court has

4    jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), which grants federal

5    district courts original jurisdiction over certain class action suits.  (*Id.*)

6         The Court shall address additional facts as necessary in the remainder of this Order.

7                                    **ANALYSIS**

8    **A.    Legal Standards Relevant to Removal Jurisdiction.**

9         "[A]ny civil action brought in a State court of which the district courts of the United

10   States have original jurisdiction, may be removed by the defendant . . . to the district court of

11   the United States for the district and division embracing the place where such action is

12   pending."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983)

13   (citation omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited

14   jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

15        The burden of establishing federal jurisdiction for purposes of removal is on the party

16   seeking removal, and the removal statute is construed strictly against removal jurisdiction.

17   *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*,

18   980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt

19   as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.  In order to determine

20   whether the removing party has met its burden, a court may consider the contents of the

21   removal petition and "summary-judgment-type evidence."  *Valdez*, 372 F.3d at 1117.  It is well

22   established that a court must evaluate whether it has jurisdiction based on the circumstances that

23   exist at the time the notice of removal is filed.  *See, e.g., Sparta Surgical Corp. v. National*

24   *Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

25        The Class Action Fairness Act ("CAFA") provides that district courts have original

26   jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000,

27   (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the

28   primary defendants are not states, state officials, or other government entities against whom the

1  district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the

2  class is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).

3  **B.     Motion to Remand.**

4        For purposes of removal under CAFA, the parties do not dispute minimal diversity or

5  that the class comprises at least 100 persons.  Thus, the amount in controversy, which must

6  exceed $5,000,000, is the only statutory requirement at issue here.

7        Plaintiff does not allege a specific amount in controversy in his complaint but, without

8  any evidence of bad faith, does plead that the amount is less than $5,000,000, exclusive of

9  interest and costs.  (*See* Compl. at ¶ 1.)  The Court finds that Urban Outfitters bears the burden

10  of showing by a preponderance of the evidence that the amount in controversy exceeds

11  $5,000,000.  *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007)

12  (holding that the preponderance of the evidence standard applies in situations in which the

13  plaintiff does not seek a specific amount in damages); *Guglielmino v. McKee Foods, Inc.,* 506

14  F.3d 696, 699 (9th Cir. 2007); *see also Trahan v. U.S. Bank National Ass'n*, 2014 WL 116606,

15  at *4-5 (N.D. Cal. Jan. 13, 2014) (White, J.) (holding that the preponderance of the evidence

16  standard applies post-*Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348-49 (2013), and

17  *Rodriguez v. AT&T Mobility Services, LLC*, 728 F.3d 975 (9th Cir. 2013)).

18        Here, to demonstrate the amount in controversy, Urban Outfitters estimates the amount

19  in controversy to be over the jurisdictional prerequisite by estimating Plaintiff's unpaid

20  overtime and minimum wage claims to total over a million dollars.  Urban Outfitters estimates

21  that Plaintiff seeks one hour of overtime per workweek at an estimated overtime rate of $21,51

22  (150% of the average regular hourly rate) and half an hour of overtime per workweek at an

23  estimated overtime rate of $28.68 (200% of the average regular hourly rate), for an estimated

24  workforce of 92 during the alleged four-year period.  ((Notice of Removal ¶ 21.)  Urban

25  Outfitters then estimates Plaintiff's claim for failure to pay straight-time wages at one hour per

26  employee per workweek, at an estimated hourly wage of $14.34, for an estimated workforce of

27  92 per year during the alleged four-year period.  (*Id.*)

28

**United States District Court**
For the Northern District of California

3

However, such an estimation, which assumes time worked, estimates missed overtime per week without reference to actual workweeks worked, and estimates number of employees working at any one time, is unsupported by underlying facts, is speculative, and falls short of meeting the preponderance of the evidence burden.  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 689 (9th Cir. 2006); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1128-1130 (C.D. Cal. 2010).  Given that Urban Outfitters are in the possession of the relevant payroll records, it would have been possible for the company to provide a more accurate estimated accounting and not rely upon extrapolation and speculation.  *See, e.g., Vigil v. HMS Host USA, Inc.*, 2012 WL 3283400, at *5 (N.D. Cal. Aug. 10, 2012). Plaintiff does not allege that every putative class members was entitled to overtime, does not allege the frequency in which the overtime violations occurred, and does not assert the frequency rates for his meal and rest break violations.  Urban Outfitters' calculations require the Court to make assumptions that lack evidentiary support.  *See Roth*, 799 F. Supp. 2d at 1126 (holding that under the preponderance of the evidence standard, courts require that "defendants adduce[] evidence that would permit the court to draw an inference that . . . violations occurred with the frequency defendants presume.").

For these reasons, the Court finds that Urban Outfitters has not met its burden to demonstrate that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence.  Thus, the Court remands this action to state court.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Plaintiff's motion to remand this action to the County of San Francisco Superior Court.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  May 28, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE